Horace Michael **BENNETT**, Movant,

v.

**CHARACTER & FITNESS COMMITTEE OF the KENTUCKY BOARD OF BAR EXAMINERS, Respondent.**

No. 87–SC–106–KB.

Supreme Court of Kentucky.

Sept. 24, 1987.

H. Michael Bennett, Nashville, for movant.

Gary D. Payne, Kentucky Bd. of Bar Examiners, Lexington, Grant M. Helman, Chairman, Helman & Steinberg, Character & Fitness Committee, c/o Kentucky Bd. of Bar Examiners, Louisville, for respondent.

GANT, Justice.

On June 23, 1986, movant filed an application for admission without examination to the Bar of the Commonwealth of Ken-

tucky pursuant to SCR 2.110. Hearing was held by the Character and Fitness Committee on November 22, 1986, at which hearing movant indicated that he had limited his practice to the area of health law and was desirous of representing small, rural hospitals in southern Kentucky. The Committee found as follows:

1. That the applicant is a citizen of the United States, having been admitted to practice in Tennessee in October, 1974, a graduate of Vanderbilt University School of Law with a J.D. degree, which school is approved by the American Bar Association;

2. That the qualifications for admission to the Bar in the State of Tennessee were equal to or higher than those for admission to the Bar of the Commonwealth of Kentucky;

3. That the applicant has been engaged in the active practice of law for five of the last seven years next preceding his application;

4. That the applicant was of good moral and professional character and fitness and is satisfactory to be a member of the Bar of this Commonwealth.

In short, applicant was qualified in every way under SCR 2.110, but his admission was denied because of the provisions of SCR 2.010(4), which reads:

(4) No person shall be admitted under rule 2.110 unless at the time of his admission he produces to the Clerk of this Court satisfactory evidence that he intends to perform the major portion of his professional activities in Kentucky. After being admitted under Rule 2.110, should such attorney fail to perform the major portion of his professional activity within the State of Kentucky, then he may be proceeded against in the same manner as an attorney admitted by examination as set forth in subsection 3 hereof.

The Rule requires a declaration by applicant that he "genuinely intends to perform the major portion of his professional activities within the State of Kentucky." This is not a novel problem and has been faced by numerous other jurisdictions. We note with interest that in Tennessee-the state of residence, admission, and major portion of movant's practice—under Supreme Court Rule 7, Article VIII, Section 8.01, the requirement is merely that "... he or she intends to engage in the practice of law in Tennessee ..." Thus, a Kentucky attorney may practice law in Tennessee under admission without examination under this rule with the mere declaration that he intends to practice law therein, while a Tennessee attorney is not granted such favorable treatment by this Commonwealth. This is hardly reciprocity, which denotes mutuality in relationship between the states when each gives to the citizens of the other the privileges enjoyed by its own citizens in the other state or states.

■ As a result of the hearing held herein, the court decided that a change in our rules was in order to conform with the rules in numerous other states and approved in such cases as *Hawkins v. Moss,* 503 F.2d 1171 (4th Cir.1974) *cert. denied.,* 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 400 (1975); *Shenfield v. Prather,* 387 F.Supp. 676 (N.D.Miss.1974); *Goldsmith v. Pringle,* 399 F.Supp. 620 (D.C.Colo.1975).

By separate order entered this date, we have amended the following Rules of the Supreme Court of Kentucky:

Rule 2.010   Character

An applicant for admission to take the bar of this state must be of good moral character and general fitness requisite for an attorney and take the oath to support the Constitutions of the United States and Kentucky.

Paragraphs (2), (3) and (4) are deleted.

Rule 2.110   Admission Without Examination

(1) Any person who has been admitted to the highest court of the District of Columbia or some sister state and who had been engaged in the active practice of the law for five of the seven years next preceding his application may be admitted to the bar of this state without examination provided that the qualifications required for admission to the bar in such district or state were, at the time of

his admission, equal to or higher than those for admission to the bar examination in the State of Kentucky at that time. Active engagement in the teaching of the law shall be considered active engagement in the practice of the law.

(2) An attorney applying for admission under this Rule shall file with the Clerk of the Supreme Court, on the form provided for application for admission, such information as shall be requested thereon together with a fee of four hundred dollars ($400.00), no part of which shall be returned. The Clerk shall forward the application to the Chairman of the Character and Fitness Committee. An applicant shall file with the Character and Fitness Committee such other affidavits or materials as shall be required to satisfy the Committee of the applicant's moral character and fitness to be a member of the Bar of this state. With respect to character and fitness, the Character and Fitness Committee shall process such applications pursuant to Rule 2.040.

(3) In addition to the fee above described, an attorney applying for admission under this Rule shall pay all investigative fees, reporting fees or other expenses required and assessed by the Character and Fitness Committee, including but not limited to the fee paid to the National Conference of Bar Examiners.

### NEW SECTION

(4) Admission under this section shall be conditioned as follows: (a) Applicant shall file with said application for admission a statement that he intends to engage in the practice of law in Kentucky and that applicant agrees to abide by the rules, duties and standards imposed upon attorneys of this state by the Rules of the Supreme Court of Kentucky; (b) Applicant must further file proof that the district or state from which applicant applies and in which he performs the major portion of his professional activities has rules or other provisions providing for admission without examination and by reciprocity or comity which are at least

equivalent to SCR 2.110 and all other pertinent rules of this jurisdiction.

The action of the respondent Character and Fitness Committee of the Kentucky Board of Bar Examiners was proper under the rules which existed at the time of application, and is hereby affirmed. However, when the amended rules become effective on January 1, 1988, the movant's present application shall be reconsidered with no re-application necessary, and movant shall be given credit for any fees previously paid and not refunded.

STEPHENS, C.J., and LAMBERT, LEIBSON and STEPHENSON, JJ., concur.

WINTERSHEIMER, J., dissents, and files a separate dissenting opinion in which VANCE, J., joins.

WINTERSHEIMER, Justice, dissenting.

The ultimate resolution of this matter could have widespread impact on the public and the legal profession. I believe this Court should have some opportunity to receive public comment on the matter from lay people and members of the legal profession as a whole. It may be that the proposed rule is meritorious. However, I do not believe we should initiate a rule change of this nature on our own initiative without a full and adequate public hearing. The admission of people to the practice of law is of the greatest importance and should be thoughtfully considered only after a public hearing.

Therefore I must respectfully dissent from that portion of the opinion which requires a rule change without such public hearing.

VANCE, J., joins in this dissent.